# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NANTY FREDERICK, GREGORY FORD, AND STEPHEN PARKS, | ) ) ) ) |
| Plaintiffs, | ) Civil Action Number: ) ) FLSA Action ) Jury Trial Demanded |
| v. | ) ) |
| APOGEE SECURITY SERVICES LLC, a Georgia Limited Liability Company and LAMONT MONTEZ, Individual, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COME NOW Plaintiffs Nanty Frederick, Gregory Ford and Stephen Parks (collectively "Plaintiffs") by and through their undersigned counsel, and file this lawsuit against Defendants Apogee Security Services, LLC ("Apogee") and Lamont Montez ("Montez") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant Khiani LLC's, Defendant Meeta Khiani's, and Defendant Arjun Khiani's (Collectively "Defendants") violations of Plaintiffs' rights under the FLSA, 29 U.S.C. §§ 201, et seq., as

amended and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiffs of their lawful minimum wages and overtime wages.

2. This action is brought to recover unpaid minimum wage and overtime compensation owed to Plaintiffs, pursuant to the FLSA.

3. Plaintiffs were employed by Defendants, working as security personnel at Hollywood Construction's Bolton Park Residential Campus construction site at 1888 Hollywood Road, Atlanta, Georgia 30318 (hereinafter "Defendants' Atlanta Location").

4. During the employment of Plaintiffs, Defendants committed violations of the FLSA by failing to compensate Plaintiffs at the legally appropriate minimum wage for all hours worked, and at the legally appropriate overtimes rate for <u>all</u> hours worked in excess of 40 hours in a given workweek.

5. During the employment of Plaintiffs, and for at least three years prior to the filing of this Complaint, Defendants committed widespread violations of the FLSA by failing to compensate Plaintiffs at the legally appropriate minimum wage for all hours worked , and at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given work week

6. Plaintiffs seek minimum wage compensation and overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

8. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff Nanty Frederick ("Frederick") resides in Atlanta, Fulton County, Georgia (within this District). Upon information and belief, Plaintiff Frederick was employed by Defendants to work as security personnel at Defendants' Atlanta Location from on or about November 3, 2015 thru on or about February 26, 2016.

10. Plaintiff Gregory Ford ("Ford") resides in Atlanta, Fulton County, Georgia (within this District). Upon information and belief, Plaintiff Ford was

employed by Defendants to work as security personnel at Defendants' Atlanta Location from on or about November 27, 2015 thru on or about February 26, 2016.

11. Plaintiff Stephen Parks ("Parks") resides in Atlanta, Fulton County, Georgia (within this District). Upon information and belief, Plaintiff Parks was employed by Defendants to work as security personnel at Defendants' Atlanta Location from on or about March 1, 2015 thru on or about February 23, 2016.

12. At all times material to this action, Plaintiffs were "employees" of Defendants defined by § 203(e) (1) of the FLSA, and worked for Defendants within the territory of the United States.

13. These same individuals are further covered by §§ 203, 206 and 207 of the FLSA for the period in which they were employed by Defendants, and were engaged in commerce or in the production of goods for commerce.

14. Defendant Apogee Security Services, LLC is a limited liability corporation formed under the laws of the State of Georgia and provides security services to various clients including Hollywood Construction.

15. Defendant Lamont Martinez is listed on the Georgia Secretary of State's web site as an Organizer of and the Registered Agent of Apogee Security and upon information and belief is a resident of Flowery Branch, Hall County, Georgia.

16. Defendants conduct business within this State and District.

17. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Atlanta Location, including the employment and pay and other practices of that operation.

18. Defendant Apogee is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Lamont Martinez, 1525 Grayson Highway, suite 217 Grayson, Georgia 30017.

19. Defendant Meeta Khiani is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 130 Tree Park Circle, Flowery Branch, Georgia 30542.

20. At all times material to this action, Defendant Apogee was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

21. At all times material to this action, Defendant Martinez was an "employer" of Plaintiffs, as defined by § 203(d) of the FLSA.

22. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

23. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

24. At all times relevant to this action, Plaintiffs' primary duty was to provide security services at Defendants' Atlanta Location.

25. At all times relevant to this action, Plaintiffs' primary duty was not the management of the enterprise in which they were employed, nor of a customarily recognized department or subdivision thereof.

26. At all times relevant to this action, Plaintiffs did not possess the authority to hire or fire other employees.

27. At all times relevant to this action, Plaintiffs did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities they performed.

28. At all times relevant to this action, Plaintiffs were non-exempt employees for purposes of overtime compensation.

29. At all times relevant to this action, Plaintiffs were at times required to work in excess of forty (40) hours a week.

30. At all times relevant to this action, Defendants did not compensate Plaintiffs for all time worked in excess of forty (40) hours per week at a rate at

which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

31. At all times relevant to this action, Defendants did not compensate Plaintiffs for <u>all</u> time worked at a rate at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 206.

32. The records, if any, concerning the number of hours actually worked by Plaintiffs, and the compensation actually paid to Plaintiffs are in the possession of Defendants.

33. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. § 206, § 207 or § 213 with respect to Plaintiffs.

34. Defendants failed to meet the requirements for paying Plaintiffs at a rate at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206 and 207.

35. Defendants are liable to Plaintiffs for compensation for any and <u>all</u> time worked in excess of 40 hours per week at the rate at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

36. Defendants are liable to Plaintiffs for compensation for any and <u>all</u> time worked at the rate at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 206.

37. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendants' willful violations of the FLSA, Plaintiffs are entitled to liquidated damages.

39. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant 29 U.S.C. §216(b), and O.C.G.A. 13-6-11, Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40. Plaintiff demands a jury trial.

## COUNT I

41. Plaintiffs repeat and incorporate by reference paragraphs 1-40 herein.

42. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

43. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as

detailed herein, by failing to properly pay Plaintiffs' overtime compensation in an amount at a rate not less than one and one-half times the regular rate at which they were employed.

44. As a result of Defendants' violations of the FLSA, Plaintiffs, have suffered damages by failing to receive an overtime rate not less than one and one-half times the regular rate at which they were employed.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiffs.

46. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation equal to not less than one and one-half times the regular rate at which they were employed in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That Plaintiffs be awarded damages in the amount of their unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiffs be awarded reasonable attorneys' fees;

C. That Plaintiffs be awarded the costs and expenses of this action; and

D. That Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 6th day of March, 2016 .

                        MARTIN & MARTIN, LLP

                        By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482

Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267 / (770) 837–2678 Fax